UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| KIMBERLY KING, | Civil No. 04-2887 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| WESTFIELD INSURANCE COMPANY, | |
| Defendant. | |

C.J. Knippel, RISCHMILLER & KNIPPEL LLP, 333 South Seventh Street, Suite 420, Minneapolis, MN 55402, for plaintiff.

Brian A. Wood and Kevin J. Rodlund, LIND, JENSEN, SULLIVAN & PETERSON PA, 150 South Fifth Street, Suite 1700, Minneapolis, MN 55402, for defendant.

Plaintiff Kimberly King was injured when an underinsured motor vehicle struck her while she and her partner were unloading a dryer from the back of her employer's delivery truck. The delivery truck was insured by defendant Westfield Insurance Co. The policy provides coverage for "'bodily injury' sustained by the 'insured' caused by an 'accident'." (Rodlund Aff. Ex. D.) An insured is defined as anyone "'occupying' a covered 'auto'." *Id.* "'Occupying' means in, upon, getting in, on, out or off." *Id.* Defendant moves for summary judgment, asserting that plaintiff was not "occupying" the truck at the time of the accident.

Prior to 1996, in attempting to determine whether a claimant was occupying a vehicle, Minnesota courts examined "whether there was a continuous relationship

between the driver and the vehicle, and whether the driver remained within a close geographic perimeter of the vehicle." *Hines v. St. Paul Ins. Co.*, 1996 WL 330532 (Minn. Ct. App. June 18, 1996). In *Allied Mutual Insurance Co. v. Western National Mutual Insurance Co.*, however, the Minnesota Supreme Court determined that the relationship/proximity test too easily permitted definitions of the term occupying that were "far removed from common usage." 552 N.W.2d 561, 563 (Minn. 1996). The court held that, where an insurance policy provided a plain and straightforward definition of the term, courts were "constrained to adhere to the policy definition" rather than creating "some recondite definition which can be molded to fit whatever conclusion is convenient." *Id*.

Applying the new standard, the court in *Allied Mutual* held that the plaintiff, who had been standing a short distance away from the car waiting while her friend attempted to open his car despite having broken the key off in the lock, was not occupying the car. *Id.* In three other cases, the Minnesota Court of Appeals has applied the *Allied Mutual* standard and found the claimant to be not occupying the vehicle. *See Short v. Midwest Family Mutual Ins. Co.*, 602 N.W.2d 914 (Minn. Ct. App. 1999) (finding that a tow truck driver who, after locking a car onto the lift device behind the truck, was walking toward the lift controls at the rear of the tow truck was not occupying the truck); *Juntunen v. Employers Mutual Cas. Co.,* 2002 WL 109222 (Minn. Ct. App. Jan. 29, 2002) (finding that a claimant walking back toward her vehicle was not occupying the vehicle); *Cartwright v. Ill. Farmers Ins. Co.*, 1998 WL 612918 (Minn. Ct. App. Sept. 15, 1998) (finding that a claimant standing 10-15 feet off from the side of the truck he had been

driving as it was being towed from a ditch was not occupying the truck); *see also Campeau v. State Farm Ins. Co.*, 1997 WL 292146 (Minn. June 3, 1997) (observing that a claimant outside of his car and walking toward an oncoming vehicle was not occupying his vehicle).

However, on remand after *Allied Mutual*, the court in *Hines*, concluded that a sandblaster operator standing approximately 10 feet from his sandblasting truck operating a jackhammer that was connected to and powered by the truck was occupying the truck. *Hines v. St. Paul Ins. Co.*, 1997 WL 3390 at *1 (Minn. Ct. App. Jan. 7, 1997). The court distinguished *Hines* from *Allied Mutual* by noting that (1) the claimant was not simply waiting for the vehicle, he had been driving the truck, had just exited the truck, and planned to continue driving the truck shortly; (2) the nature of his job required him to be standing near the vehicle; (3) the claimant was very near the vehicle and the vehicle was running; (4) the vehicle was specially designed for an activity that required the driver to exit the vehicle and return to the vehicle frequently. *Id.*

Having carefully reviewed the above law, the Court finds that the definition of occupying, while certainly narrower than pre-*Allied Mutual*, is not as narrow as defendant asserts. In light of *Hines*, whose facts more closely resemble the facts of this case than do the facts of *Allied Mutual*, *Short*, *Cartwright*, or *Juntunen*, the Court finds that a genuine issue of material fact remains as to whether plaintiff was occupying the delivery truck at the time of the accident. The Court, therefore, denies defendant's motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (holding

- 4 -

that summary judgment is not appropriate if there is a genuine dispute about a material fact).

This case will be placed on the Court's next available trial calendar.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Docket No. 21] is **DENIED**.

DATED: July 18, 2005                 s/ John R. Tunheim
at Minneapolis, Minnesota.           JOHN R. TUNHEIM
                                                   United States District Judge